# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

---

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 06-mj-07114-DBS-01 |
| CARLITA DOWDING | USM Number: None |
| | Pro se |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count 1 of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§ 641 | Theft of Government Property | 5/10/06 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

October 18, 2006
Date of Imposition of Judgment

s/Gudrun Rice
Signature of Judge

Gudrun Rice, U.S. Magistrate Judge
Name & Title of Judge

November 1, 2006
Date

DEFENDANT:  CARLITA DOWDING
CASE NUMBER:  06-mj-07114-DBS-01                                                                 Judgment-Page 2 of 4

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $25.00 | $100.00 | $0.00 |
| **TOTALS** | $25.00 | $100.00 | $0.00 |

The defendant must pay interest on any restitution or fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth below may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

The Court notes that the defendant has already completed Petty Theft Classes.

DEFENDANT:  CARLITA DOWDING
CASE NUMBER:  06-mj-07114-DBS-01                                                                 Judgment-Page 3 of 4

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment and fine shall be paid within 30 days.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal, (3) fine interest, (4) penalties.

DEFENDANT:  CARLITA DOWDING
CASE NUMBER:  06-mj-07114-DBS-01                                                    Judgment-Page 4 of 4

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

    Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

    Total Offense Level:  5

    Criminal History Category:  I

    Imprisonment Range:  0 to 6 months

    Supervised Release Range:  1 year

    Fine Range:  $250 to $500

    The fine is below the guideline range because of the defendant's inability to pay.

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

    Total Amount of Restitution:  None.

    The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.